IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERBERT STODDART, | : |
| Petitioner | : Civil No. 3:15-cv-1506 |
| | : |
| v. | : (Judge Mariani) |
| | : |
| WARDEN MARY SABOL, | : |
| Respondent | : |

FILED
SCRANTON
MAR 2 2 2016
Per_____
DEPUTY CLERK

## MEMORANDUM

On August 4, 2015, Petitioner Herbert Stoddard, a native and citizen of Jamaica, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking a release from custody. (Doc. 1) (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). At the time his petition was filed, Petitioner was detained at the Pike County Prison, in Lords Valley, Pennsylvania. (Doc. 1).

On March 18, 2016, Respondents filed a suggestion of mootness stating that Petitioner was removed from the United States on March 10, 2016. (Doc. 10, Exhibit 1, Declaration of Deportation Officer Matthew Basztura). Respondents argue that the habeas petition is therefore moot. (Doc. 10, pp. 2-3) (citing *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 226 (3d Cir. 2011) ("[T]he Constitution vests [federal courts] with jurisdiction only to decide 'cases or controversies.'")). For the reasons set forth below, the habeas petition will

be dismissed as moot.

I. **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (Jones, J.) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody and removed from the United States, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the

2

habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released). Accordingly, the instant habeas corpus petition will be dismissed as moot.

A separate Order will be issued.

Date: March 22, 2016

Robert D. Mariani
United States District Judge